## Billing's Case.

*Name—Change of name—Decree—License to practice medicine.*

1. Where a person has applied to take the State examination for a license to practice medicine, and thereafter he has procured a change of his name by a decree of the Common Pleas, a license may be issued to him under his new name, although his credentials filed with his application bore his old name.

2. In such case, the law does not look to the name, but only to the identity of the individual.

Department of Justice. Opinion to Dr. J. D. Metzger, President, Board of Medical Education and Licensure.

BROWN, Dep. Att'y-Gen., Feb. 28, 1924.—On May 15, 1923, Boleslaw John Bielski filed a petition in the Court of Common Pleas of Allegheny County for a change of his name. After publication and compliance in all other respects with the act of assembly governing this procedure, a decree was entered by the court changing the name of petitioner to that of Robert John Billings.

At the time the petition was filed Bielski was an interne in a hospital at Pittsburgh, and about to take his State examinations for a license to practice medicine. He filed his credentials in the name he then bore, Boleslaw John Bielski, as at that time the decree had not been entered changing his name.

After the decree was entered, and before his license was issued, he forwarded a certified copy to the Department of Public Instruction, with a request that his license be issued in the name of Robert John Billings. He was notified by your board that it would be impossible to issue him a license in any other name than that under which his credentials were filed.

The question arises: Can a license be issued to him in the name of Robert John Billings, the name he now legally bears?

In the case of a notary public who has had his name changed by decree of court, this department has held that the commission was issued to a person certain, and there was no reason why that person should not have a commission in the new name. The commission was issued to the person and not to the name. The same reasoning applies to a license issued to practice medicine. The person to whom a license was issued having changed his name by legal procedure, in a way recognized and approved by the law, he should not be deprived of any of his rights for doing so. He is entitled to all the rights which were his under his old name, and one of these rights was to practice medicine, and he ought not, as Robert John Billings, to be compelled to practice under a license issued in the name of Boleshaw John Bielski.

A man's name is the mark by which he is distinguished from other men, and as Robert John Billings is now the legal name of him who formerly bore the name of Boleslaw John Bielski, he should be given a license in his legal name, for the only thing the law looks to is the identity of the individual.

Probably the leading case on a change of name is Petition of Snook, 2 Pitts. Repr. 26, and in that case the court, speaking of a changed name, held: "Any contract or obligation he may enter into, or which others may enter into with him by that name, or any grant or devise he may hereafter make by it would be valid and binding, for, as an acquired known designation, it has become as effectually his name as the one he previously bore."

In Clouser *v.* Snyder, 8 Berks Co. L. J. 71, it is laid down "that a man may adopt any name he chooses, and that his acts and contracts by such name will be legal."

You are, therefore, advised that if Robert John Billings returns the license issued to Boleslaw John Bielski, together with a certified copy of the decree

of the court changing his name, if such decree is not already filed in the Department of Public Instruction, while it is not obligatory, it is legal and only fair that a new license should be issued to Robert John Billings to practice medicine in this Commonwealth under that name.

From C. P. Addams, Harrisburg, Pa.